```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

ADRIENNE JOHNSON,               )
                                )
          Plaintiff,            )
                                )
     v.                         ) Civil Action No. 05-0237
                                )
UNITED STATES DEPARTMENT        )
OF EDUCATION,                   )
                                )
          Defendant             )

MEMORANDUM

Gary L. Lancaster,
District Judge.                              September 13, 2005

    Plaintiff, Adrienne Johnson, seeks judicial review of an administrative decision, made by defendant, United States Department of Education, that Johnson's student loan debts may be collected through administrative wage garnishment. Before the court is defendant's motion for summary judgment and motion to dismiss [doc. no. 3]. Defendant argues that it is entitled to summary judgment because the agency decision was in accordance with the law and was not arbitrary and capricious. Defendant also argues that plaintiff has failed to state a claim for three new claims that plaintiff did not raise before the administrative agency.

    For the reasons set forth below, defendant's motions will be granted.

I.  BACKGROUND

Unless otherwise indicated, the following facts are undisputed. Between 1978 and 1980, while attending Cornell University, plaintiff signed several applications and promissory notes for student loans totaling $12,860.00. See Administrative Record ("AR") at 0000030-0000032; Complaint ¶¶ 5&6. Plaintiff admits to making timely repayments until August 1983 when she ran into financial difficulties. Complaint ¶ 7. Plaintiff claims to have unsuccessfully worked with defendant in an attempt to compromise on the amount owed. In 1992 she told the agency to sue her "so there could be a fair and competent determination of what collection costs should be considered necessary and reasonable." Id. at ¶ 9. In 1995, the guaranty agency transferred its loans to defendant. Id. at ¶ 10. At that time, the principal balance was $12,851.90. Id. Upon receipt of defendant's Notice of Proposed Wage Garnishment, plaintiff made a timely Request for Hearing.

At her agency hearing, plaintiff objected to the garnishment of her wages because (a) she did not borrow the total amount claimed; (b) the debt is not an enforceable debt; and (c) withholding 15 percent of plaintiff's disposable pay would cause a financial hardship. AR at 000002-000003. Defendant determined that plaintiff's debt was legitimate and legally enforceable, and that according to their records, plaintiff owed $12,851.90 in

principal, accrued interest of $7,823.58, and unpaid collection costs or fees of $5,168.87, for a total of $25,844.35. Id. at 000003.

II.  STANDARD OF REVIEW

    A.  Legal Standard for Summary Judgment

Fed.R.Civ.P. 56 (c) provides that summary judgment may be granted if, drawing all inferences in favor of the non-moving party, "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The mere existence of some factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. A dispute over those facts that might affect the outcome of the suit under the governing substantive law, i.e. the material facts, however, will preclude the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Similarly, summary judgment is improper so long as the dispute over the material facts is genuine. Id. In determining whether the dispute is genuine, the court's function is not to weigh the evidence or to determine the truth of the matter, but only to determine whether the evidence of

record is such that a reasonable jury could return a verdict for the nonmoving party. Id. at 248-49.

In summary, the inquiry under a Rule 56 motion is whether the evidence of record presents a genuine dispute over material facts so as to require submission of the matter to a jury for resolution of that factual dispute or whether the evidence is so one-sided that the movant must prevail as a matter of law.

    B.    The Scope of Judicial Review of an Agency Decision

Here, the court must view the Rule 56 summary judgment standard in conjunction with the appropriate scope of judicial review of an administrative agency. "A district court's review of an administrative decision is usually limited to determining whether the agency action is arbitrary, capricious, an abuse of discretion, or otherwise not in accord with law." United States v. Bean, 537 U.S. 71, 77 (2002) (quoting 5 U.S.C. § 706(2)(A)). This standard "presumes that agency decisions are valid as long as the decision is supported by a rational basis." Pozzie v. United States Dep't of Hous. and Urban Dev., 48 F.3d 1026, 1029 (7th Cir. 1995); Gorka v. United Stated Dep't of Educ., No. 02 C 5449, 2004 WL 2658071 *3 (N.D. Ill. Oct. 13, 2004). "Courts reviewing administrative decisions are only to determine whether the decision was based on 'relevant factors,' and whether the agency made a 'clear error in judgment.'" Gorka, 2004 WL 2658071

at *3 (quoting Pozzie, 48 F.3d at 1029). The district court is not permitted to substitute its judgment for that of the agency. Bowman Transp., Inc. v. Arkansas Best Freight Sys., Inc., 419 U.S. 281, 285 (1974). Thus, a district court may only set aside an agency decision if the decision falls outside the scope of the agency's lawful authority, or is not "logical and rational." Allentown Mack Sales & Serv. v. NLRB, 522 U.S. 359, 374 (1998).

III. DISCUSSION

    A.    Defendant's Motion for Summary Judgment on the Agency's Findings

Utilizing the standard set forth above, a reasonable fact-finder could not conclude that defendant's decision was arbitrary and capricious. All the available evidence, namely the Administrative Record and the pleadings, lead to the conclusion that defendant made a reasonable decision that Johnson's debts were valid and enforceable. Indeed, plaintiff does not dispute the fact that she took out the loans, nor does she allege any fraudulent conduct involved in the execution of the loan applications or promissory notes. Because there is no evidence that defendant's decision and calculation was unreasonable, arbitrary, or capricious, summary judgement is appropriate here. See Gorka, 2004 WL 2658071 at *4; Allentown, 522 U.S. at 374.

5

B.   <u>Defendant's Motion to Dismiss Johnson's Newly Raised Claims</u>

Plaintiff raised arguments here which were not raised in the administrative proceeding below. The crux of plaintiff's "new claims" is that defendant's collection costs are unconstitutional, and that laches, and the statutes of limitations prevent Education from collecting on the loans and prejudgment interest. While we sympathize with plaintiff's predicament that with interest, collection costs, and administrative charges, the agency decision will require her to pay more than double the original loan amount, there is no legal basis for plaintiff's objective.

First, we note that the general rule is that a district court's review of an agency decision is limited to the administrative record. 5 B. Mezines, J. Stern & J. Gruff, Administrative Law §51.04 (1980); <u>see also</u> <u>Miller v. United Welfare Fund</u>, 72 F.3d 1066, 1071 (2d Cir. 1995) ("We follow the majority of our sister circuits [including the Third Circuit] in concluding that a district court's review under the arbitrary and capricious standard is limited to the administrative record.") On this basis alone, plaintiff's new claims which were not raised before the agency and are thus, not part of the administrative record, are improperly before this court.

Nonetheless, plaintiff's claim that the "procedure Defendant is employing to enforce its demands for collection costs violates

6

the Constitution," is without merit. She does not cite to any constitutional provision that has been violated. Thus, we agree with the defendant that Johnson has not properly alleged a constitutional violation. Second, even if properly alleged, there is no legal basis to find that defendant's collection costs are unconstitutional.

Moreover, neither laches nor statutes of limitation bar defendant from collecting the debt owed by plaintiff. 20 U.S.C. § 1091(a) explicitly states that:

> no limitation shall terminate the period within which suit may be filed, a judgment may be enforced, or an offset garnishment, or other action initiated or taken by ... a guaranty agency that has an agreement with the Secretary [of Education]... that is seeking repayment of the amount due from a borrower.

Most federal courts have interpreted section 1091(a) as "retroactively eliminating all limitations and laches defenses for collection of student loan debts." Lovitt v. Texas Guaranteed Student Loan Corp., No. 3-05-CV-0175BD, 2005 WL 1552831 *2 (June 27, 2005 N.D. Tex.); see also United States v. Lawrence, 276 F.3d 193, 196 (5th Cir. 2001); United States v. Distefano, 279 F.3d 1241, 1243 (10th Cir. 2002); Millard v. United States Aid Funds, Inc., 66 F.3d 252 (9th Cir. 1995); United States v. Glockson, 998 F.2d 896, 897 (11th Cir. 1993). These holdings are consistent with the express purpose of the statute: "to ensure that obligations to repay loans and grant

overpayments are enforced without regard to any Federal or State statutory, regulatory, or administrative limitation on the period within which debts may be enforced." Lovitt, 2005 WL 1552831 at *2. Here, plaintiff's argument that statutes of limitations and laches should act to bar defendant from collecting her delinquent debt is contrary to the law. As such, plaintiff's "new claims" in the complaint are dismissed for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION

The court has carefully considered all of the arguments advanced by the parties, including those not specifically referenced here, and concludes that it would serve no purpose to engage in further analysis. We need only state that there is no genuine issue of material fact as to whether the agency acted in an arbitrary and capricious manner, therefore, defendant's motion for summary judgment must be granted.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ADRIENNE JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-0237 |
| | ) |
| UNITED STATES DEPARTMENT OF EDUCATION, | ) |
| | ) |
| Defendant | ) |

<u>ORDER</u>

Therefore, this 13th day of September, 2005, IT IS HEREBY ORDERED that Defendant's motion for summary judgment is GRANTED. The Clerk of Court is directed to mark this case CLOSED.

BY THE COURT:

_____, J.

cc: All Counsel of Record